# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANZANARES, | CASE NO. 1:07-CV-1378-OWW-DLB-P |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH RULE 8 |
| v. | |
| O'HARA, et al., | THIRTY DAY DEADLINE |
| Defendants. | |

**Screening Order**

**I.      Procedural History**

Plaintiff Hector Manzanares ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff filed this action on September 20, 2007. On October 26, 2007 plaintiff filed an amended complaint, which is the subject of the screening set forth below.[1]

**II.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] On January 31, 2008, plaintiff filed a document he describes as being an amended complaint (Doc. 10). A review indicates that the document is Form ADR-100, used by mediators in the Civil Action Mediation Program and in the Early Mediation Pilot Program, and not an amended complaint.

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A.   Summary of Plaintiff's Complaint

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names Superior Court Judge Patrick O'Hara, Superior Court Judge Darryl B. Ferguson, various John Doe Public Defenders, John Doe State Hospital Doctors, the United States President, the California Governor, The Tulare County Board of Supervisors, and Chief Psychiatrist Dr. Newman as defendants.

A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Rule 8(a) also requires that the plaintiff give notice of the relief which he seeks from the defendants.

Plaintiff's amended complaint does not comply with Rule 8(a). Plaintiff's allegations are vague and confusing, and fail to place defendants on notice as to the basis of plaintiff's claims

against them. For example, in describing alleged prison law violations, plaintiff alleges, "(For Inadequate access to Medical History Records thus Prison Doctors are cruel & unusual do to lack of empathy amount other imperatives for caseworker O'Nani's lie & mental psychos not allowing refute For lack of co-operation For Following suit For indirectly & negligently adhering to conspiracy For refusing to get one's records many may times so one can rectify this & on these said actions with action For Senior Psycho Supervisor John Doe lying For the issues one grieved 602 Form Appeals". (1st Amend. Comp., p. 14.) This paragraph makes no sense at all and does not constitute a claim for relief that comports with Rule 8.

Plaintiff's amended complaint contains ten additional causes of action - for alleged violations of administrative law, civil rights, evidence, intellectual property law, various torts, media law, "Unfair Competency Trial HM Fundamental Miscarriage & Unethical Administration of Justice", "Unethical Diagnosis & Treatment", business trade secret infringement, and "Unethical Ineffective Counsel Retaliation & Refusal to Produce Transcripts" - that are also incomprehensible.

The court will provide plaintiff with an opportunity to file a second amended complaint that complies with Rule 8. Set forth below are the legal standards that appear to be applicable plaintiff's complaint.

### 1.   Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.

Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

###        2.    Judicial Immunity

State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983. See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ).

Public defenders are private individuals for purposes of section 1983 and therefore do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).

###        3.    Eighth Amendment - Medical Care Claims

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### III. Conclusion

Plaintiff's complaint fails to comply with Rule 8. The Court will provide Plaintiff with **one final** opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff is informed that he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

1  against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against
2  Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims
3  against different defendants belong in different suits, not only to prevent the sort of morass [a
4  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required
5  filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals
6  that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915 1915(g)."
7  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  In his amended complaint, plaintiff may not
8  allege unrelated claims against different defendants in a single suit.

9        Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8,
10 Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties'
11 evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)
12 should not be submitted until the course of litigation brings the evidence into question (for example,
13 on a motion for summary judgment, at trial, or when requested by the court).   At this point, the
14 submission of evidence is premature as the plaintiff is only required to state a prima facie claim for
15 relief.  Thus, in amending his complaint, plaintiff should simply state the facts upon which he alleges
16 a defendant has violated his constitutional rights and refrain from submitting exhibits.

17       Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
18 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
19 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
20 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
21 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
22 of each defendant must be sufficiently alleged.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to comply with Rule 8;
2. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint setting forth clearly each of his claims and the factual allegations in support of each claim; and
3. The failure to file a second amended complaint that complies with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **June 5, 2008**                          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE