SC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hector Manzanares, ) | No. CV 1-07-01378-SRB |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Judge Patrick O'Hara, et al., ) | |
| Defendants. ) | |

Plaintiff Hector Manzanares commenced this action by filing a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, while he was incarcerated in the California Substance Abuse Treatment Facility in Corcoran, California. (Doc.# 1.) Plaintiff subsequently filed a First Amended Complaint, which superceded his original Complaint *in toto*. (Doc.# 6.) Plaintiff was subsequently granted leave to proceed *in forma pauperis* without prepayment in full of the $350 filing fee pursuant to the Prison Litigation Reform Act (PLRA). (Doc.# 8.) In an Order filed June 6, 2008, the Court dismissed the First Amended Complaint for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure and to state a claim, with leave to amend. (Doc.# 13.) Following Plaintiff's release, the Court ordered Plaintiff to pay the outstanding balance of the filing fee or show cause why was unable to do so. (Doc.# 19.) Plaintiff has filed a Second Amended Complaint. (Doc.# 14.) Plaintiff has also filed a new *in forma pauperis* application, signed under penalty of perjury, with a statement that he is unemployed, disabled, and gravely ill. (Doc.# 20.) Plaintiff has adequately established that he is unable to pay the balance of the

1 filing fee and the show cause order will be discharged.  Because Plaintiff has failed to cure
2 previously cited deficiencies and otherwise fails to state a claim, the Second Amended
3 Complaint and this action will be dismissed.

4 **I.     Statutory Screening of Prisoner Complaints**

5 The Court is required to screen complaints brought by prisoners seeking relief against
6 a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
7 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
8 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
9 be granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1), (2).

11 A pleading must contain a "short and plain statement of the claim *showing* that the
12 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
13 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
14 unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
15 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
16 statements, do not suffice." Id.

17 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
18 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
19 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
20 that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
22 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
23 experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual
24 allegations may be consistent with a constitutional claim, a court must assess whether there
25 are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

26 If the Court determines that a pleading could be cured by the allegation of other facts,
27 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

28

1 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  Leave to
2 amend, however, need not be given if a complaint as amended is subject to dismissal.  Moore
3 v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to
4 deny or grant leave to amend is particularly broad where a plaintiff has previously been
5 permitted to amend his complaint.  See Sisseton-Wahpeton Sioux Tribe v. United States, 90
6 F.3d 351, 355 (9th Cir. 1996).  Failure to cure deficiencies by previous amendments is one
7 of the factors to be considered in deciding whether justice requires granting leave to amend.
8 Moore, 885 F.2d at 538.  Because Plaintiff's Second Amended Complaint fails to cure cited
9 deficiencies and otherwise fails to state a claim, it and this action will be dismissed.

## II. Second Amended Complaint

The only Defendant listed in the Second Amended Complaint is the California Attorney General.  (Doc.# 14 at 1.)  In the body of the Second Amended Complaint, Plaintiff only states the following:

> Petitioner was denied his due process rights, as protected by the state and federal constitutions, when at his competency trial, to have witnesses on his behalf.  The Attorney General is the Legal Representative Petitioner was prejudiced by the failure of the Defendants to allow Manzanares to call approximately six sheriff witnesses that spent approximately one and one half year honorably at this time with the Petitioner and were in concurrence to witness.
> Administrative Law, the plaintiff was prejudiced by court participants during the competency case trial process where the plaintiff (Manzanares) was denied his right to produce a defense in absence of conflict of interest(s), Civil Rights, the plaintiff woefully experienced discrimination by the court participants during the competency case process against his sacred patriotism, high morals, and discipline adherence; and his nationality as an U.S. citizen; Evidence, the plaintiff was not allowed to present a more accurate view of his evidence and the six sheriff witnesses thereafter on behalf of the plaintiff (Manzanares) were also denied to testify )had the said testified I would have won as very competent a fine professional (USA); Intellectual Property Law, the plaintiff was threatened by the evaluators and the people requesting this said evaluation that if the plaintiff did not disclose his "proprietary information" of novel (new) item innovations the result would mean State hospital for the criminally insane committment [sic] error[.] [U]nfortunately for the plaintiff; TORT, the plaintiff has been impacted with libel and slander damaging his business reputation and forced drugging also resulted in damages; Media Law, the plaintiff was directed under the color of law by the participants of the court to divulge personally classified volunteer/interned intelligence collaboration; Trade Secret Infringement, the plaintiff Patent Pending labnote records were extracted by the participants of the court and

      made public where my product(s) incur(s) infringement. The above said U.S. Constitutional Rights violations happened in Tulare County California initially approximately July 2003 to recently.

(Doc.# 14 at 1-1a.) Plaintiff seeks declaratory relief, reversal of Judge O'Hara's findings that Plaintiff was incompetent, as well as compensatory and injunctive relief. (Id. at 2.)

## III.  Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

In dismissing Plaintiff's First Amended Complaint, the Court expressly described the requirements to state a claim for violation of his federal constitutional rights under § 1983. (Doc.# 13 at 3-4.) Further, the Court explained that to state a claim, he must allege a connection between a particular federal constitutional violation and a particular defendant. (Id.) The Court explained the standard to state a claim for deliberate indifference to serious medical needs, which appeared to be Plaintiff's primary claim in that complaint. (Id. at 4-5.) Finally, the Court expressly warned Plaintiff that it was affording him **"one final opportunity"** to cure the deficiencies in his First Amended Complaint. (Id. at 5.)

Plaintiff has failed to cure the deficiencies previously cited by the Court or to otherwise state a claim in his Second Amended Complaint. The only listed Defendant in the Second Amended Complaint is the California Attorney General. Plaintiff sets forth no facts to support when, where, or how the California Attorney General allegedly violated any of Plaintiff's federal constitutional rights. Indeed, Plaintiff makes only conclusory assertions that he was denied due process during a competency hearing in state court because he was not allowed to call "six sheriff witnesses." That is not sufficient to state a constitutional

violation against the Attorney General or anyone else.[1] Plaintiff otherwise simply summarily lists claims without supporting facts.

## Conclusion

Plaintiff was previously warned about the deficiencies in his First Amended Complaint and was afforded the opportunity to cure them. Plaintiff has not cured the cited deficiencies in his Second Amended Complaint or otherwise stated a claim for relief against any Defendant. Accordingly, the Second Amended Complaint and this action will be dismissed.

**IT IS ORDERED:**

(1) Plaintiff's *in forma pauperis* application is **granted** (doc.# 20) and the Court's August 4, 2009 Order to Show Cause (doc.# 19) is **discharged**.

(2) The Second Amended Complaint (doc.# 14) and this action are **dismissed** for failure to state a claim.

(3) The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 15th day of March, 2010.

_____
Susan R. Bolton
United States District Judge

---

[1] Moreover, any claim Plaintiff could assert against the Attorney General would likely be barred by prosecutorial immunity where Plaintiff appears to seek relief as to his state competency proceeding. A prosecutor is absolutely immune from liability under § 1983 for his or her conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated" with judicial proceedings. Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991); see Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009) (citing Kalina v. Fletcher, 522 U.S. 118, 126 (1997)).